UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR MORRISH )<br>8671 Reservoir Road )<br>Fulton, Maryland 20759 )<br>     )<br>     Plaintiff, )<br>     )<br>     ) | Civil Action No. _____ |
| v. )<br>     )<br>ELAINE L. CHAO )<br>SECRETARY OF LABOR )<br>U.S. Department of Labor )<br>Frances Perkins Building )<br>200 Constitution Avenue, NW )<br>Washington, DC 20210 )<br>     )<br>     Defendant. )<br>_____) | |

**PETITION FOR WRIT OF MANDAMUS AND FOR
RELIEF FROM UNLAWFULLY WITHHELD AGENCY ACTION**

**INTRODUCTION**

1.      This is an action in the nature of mandamus seeking to compel the defendant, the Secretary of Labor, to perform a non-discretionary duty to grant the plaintiff a hearing to determine the level of workers' compensation benefits before a representative of the Secretary. The Secretary's failure to respond to the plaintiff's multiple attempts to schedule a hearing violates the Federal Employee's Compensation Act, 5 § U.S.C. 8145.

**JURISDICTION AND VENUE**

2.      Jurisdiction is based on 28 U.S.C. § 1361, which grants the district courts jurisdiction over actions in the nature of mandamus. Jurisdiction is also based on the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 703, and 706, which provides for judicial review of agency action and inaction, and defines the scope of the review.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(2) because the acts and/or omissions giving rise to this action occurred in the District of Columbia.

## PARTIES

4. Plaintiff is an employee of Defense Advanced Research Projects Agency in Arlington, Virginia, which is an agency of the United States.

5. Defendant Elaine L. Chao is the Secretary of Labor, the head of the U.S. Department of Labor, which was established to "foster, promote, and develop the welfare of the wage earners of the United States, to improve their working conditions, and to advance their opportunities for profitable employment." 29 U.S.C. § 551.

## FACTS

6. On or about August 20, 1999, the plaintiff, while a federal employee, slipped and fell in the course of his employment, sustaining serious injury to his right knee, including a medical meniscus tear, lateral meniscus tear, and partial tear of the anterior cruciate ligament.

7. On September 9, 1999, in accordance with the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. §§ 8102, 8122, the plaintiff made an administrative claim with the Office of Workers' Compensation Programs ("OWCP") division of the Employment Standards Administration, within the U.S. Department of Labor.

8. After extensive delays, and in response to a previous petition for writ of

mandamus filed by this Plaintiff, the OWCP finally authorized medical treatment for the Plaintiff's injuries on May 27, 2003.

9. The Plaintiff's physician, Denis O'Brien, M.D., prepared reports on November 11, 2004 and March 10, 2005, which assigned the Plaintiff an overall disability rating of 50 percent of the leg.

10. Based on Dr. O'Brien's reports, the Plaintiff requested an informal hearing before the OWCP to determine permanent partial disability benefits in relation to his 1999 injury.

11. Plaintiff's attorney corresponded with the OWCP in attempting to schedule an informal hearing on numerous occasions, including the following:

– Letter to William Ray, Claims Examiner, dated April 14, 2005

– Telephone call to William Ray's office on April 28, 2005

– Letter to William Ray dated June 7, 2005

– Telephone call to William Ray's office on June 24, 2005

– Telephone call to William Ray's office on June 28, 2005

– Telephone call to Cheryl Rease, Claims Examiner, on July 8, 2005

– Letter to Cheryl Rease dated July 13, 2005

– Telephone call to office of Linda DeCarlo, District Director for the National Operations Office, on August 16, 2005

12. Plaintiff's counsel has not received any responses to the above telephone and written requests to schedule a hearing. The OWCP has not given any reasons for its refusal to respond to Plaintiff's requests.

## CLAIM

13.     The Defendant is in violation of 5 U.S.C. § 8145, which states that "[t]he Secretary of Labor *shall* administer, and *decide any questions arising under*, [the Federal Employee's Compensation Act]." (Emphasis added). It is the Defendant's legal duty to determine whether Plaintiff is entitled to permanent partial disability benefits under the Act. In other words, the function is mandatory, not discretionary.

14.     The Defendant violated the APA, which requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

15.     The Defendant's violation of the abovementioned statutes has deprived the Plaintiff of his due process rights and has caused, and continues to cause, the Plaintiff's substantial inconvenience, distress, and suffering.

16.     The Plaintiff has no other means available to him to remedy the Defendant's violation.

## RELIEF

17.     WHEREFORE, the Plaintiff respectfully requests that the Court order mandatory injunctive relief requiring the Secretary of Labor to hold or cause to be held a hearing that will decide the question of Plaintiff's permanent partial disability status and any resultant benefits to which he is entitled, without any further delay.

18. The Plaintiff also requests an award for costs and attorney's fees under 28 U.S.C. § 2412.

Respectfully Submitted,

_____
Eric M. May   #166561
1717 K Street, NW, Suite 1107
Washington, DC 20036
(202) 822-8264
*Attorney for Plaintiff*