UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARTHUR MORRISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-01816 (RMC) |
| ) | |
| ELAINE CHAO, SECRETARY, ) | |
| U.S DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant, ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT**

Defendant Elaine Chao, Secretary, U.S. Department of Labor, respectfully moves to dismiss the above-captioned matter for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), Rule 56, and 5 U.S.C. § 8128(b).  This motion is accompanied by a Memorandum and a proposed Order consistent with LCvR 7(a) and (c).

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

/s/
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR MORRISH, )<br>    Plaintiff, )<br>v. )  Civil Action No.  05-01816 (RMC)<br>ELAINE CHAO, SECRETARY, )<br>U.S DEPARTMENT OF LABOR, )<br>    Defendant, ) | |

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT

Defendant respectfully moves to dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(1), 12(b)(6), 12(h)(3), and 5 U.S.C. § 8128(b).

I.  BACKGROUND

Plaintiff Arthur Morrish, a program manager for the Defense Advanced Research Projects Agency, injured his right knee when he slipped and fell on August 20, 1999. See Declaration of Edward Duncan ("Duncan Decl."), at ¶ 2 (attached hereto as Exhibit 1). As a result of the work-related injury, the Office of Workers' Compensation Program ("OWCP") accepted his claim for a right knee tear with arthroscopy, as well as adhesive capsulitis of the left shoulder. See id. Arthroscopic surgery was performed by Dr. Dennis O'Brien on September 28, 1999. See Duncan Decl. at ¶ 2; Letter from Richard E. Grant, M.D. (attached hereto as Attachment A). Plaintiff received all appropriate Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq., ("FECA"), compensation and payment of medical bills as a result of this injury. See Attachment A.

Plaintiff seeks a conference or hearing on his claim relating to his request for benefits for permanent impairment of a schedule member pursuant to 5 U.S.C. § 8107 (c).

2

See Plaintiff's Petition for Writ of Mandamus and for Relief from Unlawfully Withheld Agency Action at ¶ 11 ("Petition").  At the time Plaintiff filed his Petition, no decision had been issued on his request for permanent partial disability benefits. This lawsuit was filed on October 6, 2005.[1]

In a responsive letter dated November 10, 2005, OWCP informed Plaintiff that all requests for a schedule award must be submitted on a CA-7 Form, and enclosed a blank CA-7 for Plaintiff to complete.  See Duncan Decl. at ¶5; Letter from Richard Gant, Supervisory Claims Examiner (attached hereto as Attachment B).  On November 30, 2005, OWCP received Plaintiff's schedule award request on the requisite CA-7 Form. See Exhibit 1 at ¶ 6; CA-7 Form (attached hereto as Attachment C).

On December 2, 2005, Dr. Richard Grant, OWCP's District Medical Advisor, reviewed Plaintiff's case file, including the reports by Dr. O'Brien.  Dr. Grant concluded, based upon the AMA Guides, that Plaintiff had a 47% permanent impairment of the right lower extremity.  See Exhibit 1 at ¶ 8; Attachment A.  On December 12, 2005, OWCP issued an Award of Compensation based upon a 47% permanent partial impairment of the right leg.  Plaintiff received $49,277.84 as an initial payment to cover the period March 10, 2005, through November 26, 2005. Compensation will continue until October 13, 2007, at the rate of $5,276.00 every 28 days. Attached to that decision were Plaintiff's appeal rights, in the event that he wished to seek further administrative review of the award.  See Exhibit 1 at ¶ 8; Award of Compensation (attached hereto as Attachment D).

Plaintiff asks this Court to compel OWCP to grant him a hearing regarding his request for a schedule award under FECA, based upon permanent partial disability of his right leg.  See Petition at ¶ 1.  Plaintiff alleges that his due process rights have been violated by OWCP's refusal to respond to his requests for a hearing.  See Petition at ¶¶ 12, 15.  Plaintiff requests that the Court order OWCP to hold a "hearing that will decide

---

[1] Plaintiff previously filed a suit in this Court against DOL, also arising out of his claim for FECA benefits (1:03CV00357 RMC)).  That suit was voluntarily dismissed, without prejudice, on June 2, 2003.

3

the question of Plaintiff's permanent partial disability status and any resultant benefits to which he is entitled." See Petition at ¶ 17. Plaintiff submits that reports from his treating physician, Dr. Denis O'Brien, assign Plaintiff a 50% permanent partial disability of the right leg. See Petition at ¶ 9.

Defendant asks this Court to dismiss this suit for lack of subject matter jurisdiction. To the extent Plaintiff's petition is asking for a decision regarding compensation based upon his permanent partial disability, that request is now moot. OWCP issued a decision on December 12, 2005, granting Plaintiff an award of compensation based upon a 47% percent permanent disability to his right lower extremity. Moreover, judicial review of the FECA determinations by the Secretary of Labor, "by mandamus or otherwise," is explicitly barred by 5 U.S.C. § 8128(b). Courts have recognized an exception to this bar of judicial review, but only for substantial, cognizable claims of a constitutional violation; Plaintiff's petition makes no such claims.

## II. ARGUMENT

### A. Legal Standard

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiffs fails to state a claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule

4

12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp. at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

To the extent the Court relies on evidence outside the pleadings, defendant alternatively moves for summary judgment pursuant to Fed. R. Civ. P. 56; see Fed. R. Civ. P. 12(b)(6). Rule 56 of the Federal Rules of Civil Procedure provides in part that a defendant is entitled to summary judgment when there is no genuine issue as to any material fact and when, based on those facts, the defendant is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Corp. v. Zenith Radio, 475 U.S. 574, 587 (1986).

### B. The Court Lacks Jurisdiction To Entertain This Claim

#### 1. The FECA Statutory Scheme

The FECA, enacted in 1916, establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that "[t]he United States

shall pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a). A wide range of benefits are provided for work-related injuries covered by the FECA, including payment of wage loss compensation, related medical costs and vocational rehabilitation. Schedule awards for permanent loss or loss of use, specified schedule awards for permanent loss or loss of use of specified members of the body are also available to a claimant pursuant to 5 U.S.C. § 8107 (c).

If a claimant is interested in a requesting a schedule award, then 20 C.F.R. § 10.103 provides that the claimant must request this benefit by filing a claim such as a Form CA-7 to the OWCP. Any medical evidence used to support such a claim must contain accurate measurements of the function of the organ or member, in accordance with the American Medical Association's <u>Guides to the Evaluation of Permanent Impairment</u>. 20 C.F.R. § 10.333.

Central to the FECA statutory scheme is the role of the Secretary of Labor, who has the authority to administer and to decide all questions arising under the FECA. 5 U.S.C. § 8145. The FECA further authorizes the Secretary to prescribe rules and regulations necessary for the administration and enforcement of the Act. 5 U.S.C. § 8149. The Secretary has delegated the authority provided by §§ 8145 and 8149 to the Director of the OWCP, who is responsible for the administration and implementation of the FECA. 20 C.F.R. § 10.1

If a claimant disagrees with OWCP's final claims determination, the FECA provides several avenues for administrative review. From the date of the decision, the claimant may: (1) within 30 days, request a hearing before an OWCP hearing representative or request that such representative review the written record, 5 U.S.C. § 8124, 20 C.F.R. § 10.616; (2) within one year, request reconsideration based on new evidence or argument, 5 U.S.C. § 8128, 20 C.F.R. § 10.606; 20 C.F.R. § 10.607; or (3) within one year, file an appeal with the Employees' Compensation Appeals Board

("ECAB").  20 C.F.R. § 10.625 and § 501.3(d).[2]

Although the FECA provides numerous avenues of administrative review, Congress has specifically foreclosed any judicial review of payment determinations:

> The action of the Secretary or her designee in allowing or denying a payment under this subchapter is --
>
> (1) <u>final and conclusive for all purposes</u> and with respect to all questions of law and fact; and,
>
> (2) <u>not subject to review by another official of the United States or by a Court by mandamus or otherwise</u>.

5 U.S.C. § 8128 (b) (emphasis added).

### 2. Review of Plaintiff's Claim is Precluded by 5 U.S.C. § 8128(b)

The FECA establishes a comprehensive compensation scheme under which federal employees or their survivors receive benefits, regardless of fault, for employment-related injuries or deaths.  In turn, Congress provided a remedy in the FECA that is exclusively administrative.  <u>See</u> 5 U.S.C. § 8116.  As the Supreme Court observed in <u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190 (1983),

> in enacting [the FECA] Congress adopted the principal compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

<u>Id.</u> at 194.  Not only did the United States refuse to give its consent to be sued on matters arising within the scope of the FECA, Congress clearly negated any such consent within the FECA statute at 5 U.S.C. §8128(b), which specifically forecloses judicial review.

The Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive language" as found in that statute "when [it] intends to bar judicial review altogether."

---

[2] Congress directed the Secretary to promulgate rules and regulations to create ECAB, with the authority to hear and, subject to applicable law and the rules and regulations of the Secretary, make final decisions on appeals taken from determinations and awards with respect to claims of employees.  5 U.S.C. § 8149.

Lindahl v. Office of Personnel Management, 470 U.S. 768, 780 (1985); see also Southwest Maritime, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage") (citing Lindahl. 470 U.S. at 780)).

      Giving effect to the plain meaning of section 8128(b), the courts have repeatedly and uniformly recognized that the Secretary's decisions on benefit determinations pursuant to FECA are not subject to judicial review.  See Lepre v. Dep't of Labor, 275 F.3d 59, 73 (D.C. Cir. 2001) ("[T]he clarity of Congress's preclusional intent can hardly be gainsaid.  The Supreme Court has referred to § 8128(b) as example of language that Congress employs when it intends to bar judicial review altogether." (citation omitted)); Cleopatra McDougal-Saddler v. Herman, 184 F.3d 207 (3rd Cir. 1999), *cert. denied* 529 U.S. 1066 (2000) ; Hanauer v. Reich, 82 F.3d 1304 (4th Cir. 1996); De Long v. Office of Workers' Compensation Programs, 915 F. 2d 1564 (4th Cir. 1990); Wallace v. United States, 669 F. 2d 947 (4th Cir. 1982).  See also Czerkies v. U.S. Dep't of Labor, 73 F. 3rd 1435, 1438 (7th Cir. 1996); Miller v. Bolger, 802 F.2d 660 (3rd Cir. 1986); Heilman v. United States, 731 F.2d 1104 (3rd Cir. 1984); Brumley v. Dep't of Labor, 28 F.3d 746 (8th Cir. 1994), *cert. denied*, 115 S. Ct. 734 (1995); Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, (11th Cir. 1992); Hambsch v. United States, 848 F.2d 1228 (Fed. Cir. 1988); Owens v. Brock, 860 F.2d 1363 (6th Cir. 1988); Grijalva v. United States, 781 F.2d 472 (5th Cir.), *cert. denied*, 479 U.S. 822 (1986); Rodrigues v. Donovan, 769 F.2d 1344 (9th Cir. 1985; Cobia v. United States;384 F.2d 711 (10th Cir. 1967), *cert. denied*, 390 U.S. 986 (1968).

      Even when statutes such as the FECA contain clear language precluding judicial review, federal courts have permitted judicial review, but only when a substantial constitutional question is presented.[3]  See Johnson v. Robison, 415 U.S. 361 (1974).  The

---

[3] In Hanauer v. Reich, 82 F. 3rd 1304 (4th Cir. 1996), the Fourth Circuit also recognized a narrow exception to 5 U.S.C. § 8128(b) to consider allegations of violation of clear statutory mandate. See Board of Governors v. MCorp Fin., Inc., 502 U.S. 32 (1991)

8

D.C. Circuit recognized this principle in the Lepre decision. The court found that since Lepre's "due process challenge focuses on a structural component of the FECA system itself, and not simply on an individual decision on a benefits claim, his challenge is both constitutional and systemic." Lepre 275 F.3d at 67. Plaintiff in this case does not present a "constitutional and systemic" challenge; he challenges only an "individual decision on a benefits claim." Id.

Similarly, in Czerkies v. U.S. Department of Labor, supra, 73 F.3d 1435, the en banc Seventh Circuit found that section 8128 (b) does not foreclose review of a substantial constitutional claim involving the FECA; further finding, however, that this review does not extend to a "garden-variety" dispute over benefits. Moreover, in Paluca v. Secretary of Labor, 813 F.2d 524, 526 (1st Cir.), *cert denied,* 484 U.S. 943 (1987), the First Circuit held that the district court had jurisdiction over the constitutional challenge to decisions under FECA so long as that challenge was not "'so attenuated and insubstantial as to be absolutely devoid of merit.'" Paluca, 813 F. 2d at 526 (quoting Neburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1974). Finally, the Ninth Circuit has strictly limited the exception to the FECA's jurisdictional bar to substantial, cognizable, constitutional claims. See Rodrigues v. Donovan, supra., 769 F.2d at 1347 ("'Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to courts is essential to the decision of such questions.'" (citing Califano v. Sanders, 430 U.S. 99, 109 (1977)).[4]

---

However, the D.C. Circuit declined to decide whether such an exception exists for § 8128(b). See Lepre v. Department of Labor, infra, 275 F.3d at 74. The government's position is that there is no second exception to the preclusion of judicial review for violations of a clear statutory mandate. See Cleopatra McDougal-Saddler v. Herman, 184 F.3d 207 (3rd Cir. 1999), *cert denied* 529 U.S. 1066 (2000) ; Paluca v. Secretary of Labor, 813 F.2d 524, 526 (1st Cir.), *cert denied,* 484 U.S. 943 (1987). Given the facts here that Plaintiff needed to take steps to file the appropriate claim form to request benefits under the schedule award provision, Plaintiff's allegation that OWCP violated 5 U.S.C. 8145 in failing to grant him a decision is unfounded. At any rate, once Plaintiff filed the appropriate claim form for a schedule award, OWCP acted expeditiously to grant him benefits.

[4] The Eleventh Circuit, in Woodruff, infra, noted that federal courts retained jurisdiction over FECA matters to consider constitutional claims. While not specifying that those

9

Here, Plaintiff makes a general statement that his due process has been violated. However, he fails to articulate the essential elements of such an allegation. The core protections of the due process clause require that an individual be given notice and an opportunity to comment when being deprived of a protected liberty or property interest. Cleveland Board v. Loudermill, 470 U.S. 532, 546 (1985); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Notice and opportunity to respond must consist of "the opportunity to be heard in a meaningful manner and at a meaningful time." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

Plaintiff's Petition fails to establish that he was deprived either of notice or an opportunity to comment at a meaningful time and in a meaningful manner. Once Plaintiff filed a claim for schedule benefits in accordance with the FECA regulations, Plaintiff received notice of the December 12, 2005, decision in this case. If he disagrees with OWCP's findings, he can exercise any of the three appeal rights available to him under the FECA statute, including a hearing before an OWCP Hearing Representative. To the extent that he disagrees with the amount of the award, such a disagreement should be addressed using the FECA administrative remedies. Judicial review is precluded by 5 U.S.C. § 8128(b).

### C. Because Plaintiff Has Received An Award Of Compensation, This Case Should Be Dismissed As Moot

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984); see National Black Police Association v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory

---

claims need be "substantial" or "cognizable," the court affirmed the dismissal of the action by the district court, finding that one of plaintiff's due process claims was "wholly without merit" and that the other was merely a statutory challenge "framed as a due process violation." Id. at 642-643.

opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974); see also City of Erie v. Pap's A.M., 529 U.S. 277, 305-06 (2000) (Scalia, J. concurring). In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement subsists "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The effect of post-complaint changes in the facts or law on the continued existence of a particular controversy are assessed through the lens of mootness. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).

As the Supreme Court has stated, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)); National Black Police Association, 108 F.3d at 349. This inability of the federal judiciary "'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" DeFunis, 416 U.S. at 316 (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)); see also City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies") (quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)).

"Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.' If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v.

11

Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Pharmachemie B.V. v. Barr Laboratories, Inc., 276 F.3d 627, 631 (D.C. Cir. 2002); Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41 (D.D.C. 2001) (further noting that no justiciable controversy is presented when the question to be adjudicated as been mooted by subsequent developments). In other words, the controversy must exist at the outset of the litigation and continue throughout the existence of the suit. See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing Arizonans for Official English, 520 U.S. 43). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). See also Westmoreland v. National Transportation Safety Board, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the appeal must be dismissed as moot.") (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)).[5]

In this case, the Court lacks subject matter jurisdiction because events subsequent to the filing of the Petition have provided Plaintiff with his requested relief and ended any live controversy between the parties. The Petition sought for this Court to order defendant to hold a hearing to decide "the question of Plaintiff's permanent partial disability status . . ." See Petition at ¶ 17. On December 12, 2005, OWCP issued an Award of Compensation based upon a 47% permanent partial impairment of the right leg. See Duncan Decl. at ¶ 8 (Exhibit 1). Plaintiff has, therefore, received the relief sought

---

[5] Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

through the Petition.

This Circuit has held on several occasions that where a plaintiff files a complaint seeking agency action, and the action is taken subsequent to the filing of the complaint, the case should be dismissed on mootness grounds. For example, in Action on Smoking and Health v. Department of Labor, 28 F.3d 162, 163 (D.C. Cir. 1994), the plaintiff claimed that OSHA had "unreasonably delayed" in initiating a rulemaking proceeding. Once OSHA issued a notice of proposed rulemaking, however, the Court found it unnecessary to reach the merits of the claim and dismissed on the basis of mootness. Id. at 164. Similarly, in Shoreham-Wading River Central School District v. United States Nuclear Regulatory Commission, 931 F.2d 102, 104 (D.C. Cir. 1991), petitioners filed a claim for relief based upon the Nuclear Regulatory Commission's "failure to decide" a request for action under 10 C.F.R. § 2.206. Once the Commission issued the final decision, "the unlawful delay claim [was] therefore moot." See also In re International Union, United Mine Workers of America, 231 F.3d 51, 54 (D.C. Cir. 2000); In re Arcadian Corp., 1995 WL 626501 (D.C. Cir. Oct. 4, 1999) (dismissing as moot petition to compel issuance of OSHA decision once decision rendered and entered into the public record); Associated Builders & Contractors, Inc. v. Herman, 976 F. Supp. 1, 8 (D.D.C. 1997) (claim attacking delay moot once rulemaking issued).

Defendant's mootness argument also finds support in other causes of action where a plaintiff's complaint seeks action on the part of a federal agency, and the action is performed during the pendency of the case. In cases brought under the Freedom of Information Act, 5 U.S.C. § 552 et seq. (FOIA), once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no further judicial function for the Court to perform. See Crooker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); see also Tijerina v. Walters, 821

13

F.2d 789, 799 (D.C. Cir. 1987); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996). Similarly, an appeal from enforcement of a subpoena becomes moot once a party has come into compliance with the subpoena. See Office of Thrift Supervision v. Dobbs, 931 F.2d 956, 957-58 (D.C. Cir. 1991) (citing numerous cases).

Drawing upon these cases, it is clear dismissal on mootness grounds is warranted based upon events subsequent to the filing of the Petition. The Petition sought only to compel a decision from OWCP regarding Plaintiff's permanent partial disability status. See Petition at ¶¶ 12, 17. Plaintiff has received this relief. Duncan Decl. at ¶ 8. Even if Plaintiff had a viable claim at the time the Petition was filed (a matter defendant does not concede), Plaintiff has now received the decision sought. See id. Federal Rule of Civil Procedure 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." Furthermore, in this matter, there is no relief that the Court can grant plaintiffs under the Petition. Therefore, the Petition should be dismissed as moot.[6]

---

[6] The Prayer for Relief requests an award of attorney's fees. A claim for fees, however, is not enough to maintain a live controversy. See, e.g., Cammermeyer v. Perry, 97 F.3d 1235, 1238-39 (9th Cir. 1996); Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980). Further, in this matter, Plaintiff has failed to establish a court judgment or other statutorily qualifying grounds to be a prevailing party, requiring the denial of any such claim. See Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 604-05 (2001).

## CONCLUSION

For the foregoing reasons, this action should be dismissed.

          Respectfully submitted,

          _____/s/_____
          KENNETH L. WAINSTEIN, DC Bar #451058
          United States Attorney

          _____/s/_____
          R. CRAIG LAWRENCE, DC Bar #171538
          Assistant United States Attorney


          _____/s/_____
          KAREN L. MELNIK, DC Bar #436452
          Assistant United States Attorney
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARTHUR MORRISH,** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**ELAINE CHAO, SECRETARY,** )<br>**U.S DEPARTMENT OF LABOR,** )<br>)<br>    Defendant, )<br>) | Civil Action No.  05-01816 (RMC) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LcvR 7.1, defendant, Elaine Chao, as the Secretary of the Department of Labor, hereby submits the statement of material facts in support of her Motion for Summary Judgment.

1.   On August 20, 1999, Plaintiff Arthur Moorish, while a federal employee, sustained a work-related injury.  See Petition at ¶ 6.

2.   On September 9, 1999, Plaintiff filed a claim pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq.  See Petition at ¶ 7.

3.   On November 30, 2005, the Office of Workers' Compensation Programs ("OWCP") received from Plaintiff the requisite materials to process his claim.  See Duncan Decl. at ¶ 6.

4.   On December 12, 2005, OWCP issued an Award of Compensation to Plaintiff, based upon a 47% permanent partial impairment of his right leg.  See Duncan Decl. at ¶ 8.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

16

                        /s/
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


                        /s/
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>**ARTHUR MORRISH,**          )<br>                              )<br>     **Plaintiff,**           )<br>                              )<br>v.                            )<br>                              )<br>**ELAINE CHAO, SECRETARY,**   )<br>**U.S DEPARTMENT OF LABOR,**  )<br>                              )<br>     **Defendant,**           )<br>                              )<br>_____) | Civil Action No.  05-01816 (RMC) |

**ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss, the grounds stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of _____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.


_____
UNITED STATES DISTRICT JUDGE