# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARTHUR MORRISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.  1:05-cv-01816 RMC |
| | ) |
| ELAINE CHAO, SECRETARY, | ) |
| U.S DEPARTMENT OF LABOR, | ) |
| | ) |
| Defendant, | |

DECLARATION OF EDWARD DUNCAN


I, Edward Duncan, do hereby state and declare that:


1.  I am Deputy Director for Federal Employees' Compensation, Office of Workers'
    Compensation Programs (OWCP), United States Department of Labor,
    Washington, D.C.  As a result of this work experience, I am familiar with the
    actions of the OWCP regarding claims for compensation under the Federal
    Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* A review of the
    case record reveals the following:

2.  Morrish, a program manager for the Defense Advanced Research Projects
    Agency, injured his right knee when he slipped and fell on August 20, 1999.  As a
    result of the work-related injury, OWCP accepted his claim for a right knee tear
    with arthroscopy, as well as adhesive capsulitis of the left shoulder.  Arthroscopic
    surgery was performed by Dr. Dennis O'Brien on September 28, 1999.
    Attachment A.

3.  Morrish received all appropriate FECA compensation and payment of medical
    bills as a result of this injury.

4.  On several occasions, Morrish's attorney, Eric May, asked for a conference, or
    hearing, on Morrish's claim relating to his request for benefits for permanent
    impairment of a schedule member pursuant to 5 U.S.C. § 8107 ( c ).  Complaint
    Par. 11.  At this point in time, no decision had been issued on his request for
    permanent partial disability benefits.

5.  In a letter dated November 10, 2005, OWCP informed Mr. May that all requests for a schedule award must be submitted on a CA-7 Form.  A blank CA 7 was enclosed for Morrish to complete.  <u>Attachment B.</u>

6.  On November 30, 2005, OWCP received Morrish's schedule award request on the requisite CA-7 Form.  <u>Attachment C.</u>

7.  On December 2, 2005, Dr. Richard Grant, OWCP's District Medical Advisor, reviewed Morrish's case file, including the reports by Dr. O'Brien.  Dr. Grant concluded, based upon the AMA Guides, that Morrish had a 47% permanent impairment of the right lower extremity.  <u>Attachment A.</u>

8.  On December 12, 2005, OWCP issued an Award of Compensation based upon a 47% permanent partial impairment of the right leg.  Morrish received $49,277.84 as an initial payment to cover the period March 10, 2005 through November 26, 2005.  Compensation will continue until October 13, 2007 at the rate of $5,276.00 every 28 days.  Attached to that decision were Morrish's appeal rights, in the event that he wished to seek further administrative review of the award. <u>Attachment D.</u>

I declare pursuant to 28 U.S.C. § 1746 and penalty of perjury that the foregoing is true and correct.

Executed this 15th day of December, 2005.

EDWARD DUNCAN
Deputy Director
for Federal Employees' Compensation,
Office of Workers' Compensation Programs
United States Department of Labor

# ATTACHMENT A

December 2, 2005

Mr. Harry Thomas
Claims Examiner
US Department of Labor
800 North Capital Street, NW
Room 800
Washington, DC 20211

RE:    Arthur A. Morrish
       Claim No. A25-0548712
       DOB: 3/21/57

Dear Mr. Thomas:

Thank you for forwarding the information on Mr. Arthur A. Morrish. The treating physician, Dr. Dennis O'Brien provided the 50 percent permanent partial impairment of the right lower extremity with regard to loss of motion, function, and pain in the right lower extremity. However, the report did not provide the specific references from the *AMA Guidelines*, 5th edition.

Mr. Arthur A. Morrish worked as a program manager in Arlington, VA. He was injured on or about 8/20/99 when he slipped on wet grass, causing him to fall, twisting his right knee. Evidently he sustained an injury to the anterior cruciate ligament of the right knee.

He was found to have internal derangement of the right knee in addition to a medial meniscal tear of the right knee and adhesive capsulitis of the left shoulder. He came under the care of Dr. Dennis O'Brien who performed arthroscopic surgery on 9/28/99. The procedures included arthroscopic substitution in the anterior cruciate ligament with partial lateral and medial meniscectomy of the right knee. The surgical intervention was followed by the appropriate physical therapy. In reviewing the most recent reports from Dr. Dennis O'Brien of the Potomac Valley Orthopedic Associates, he indicated that Mr. Morrish had a 50 percent permanent partial impairment of the right lower extremity. That report was received on 3/30/05 and was evidently dictated on or about 3/10/05. Accordingly, the date of maximum medical improvement should be 3/10/05.

My review of the record indicates that the claimant was walking with a cane and a limp. Using the *AMA Guidelines*, 5th edition, this would provide for 15 percent permanent partial impairment of the whole person according to page 529, table 17-5. This figure would, of course, have to be translated into a right lower extremity permanent partial impairment. To that end, I would refer you to table 17-3, page 527, which translates the 15 percent permanent partial impairment of the whole person into 37 percent permanent partial impairment of the right lower extremity. Less than full extension is mentioned in the examination but there is no specific measurement and therefore it is impossible for me to provide a permanent partial impairment based upon that portion of the clinical record.

Right knee flexion limited to 90 degrees provides for a permanent partial impairment of 10 percent according to the *AMA Guidelines*, 5th edition, page 537, table 17-10.

RE: Arthur A. Morrish – Claim No. A25-0548712                      Page 2

In addition, there is some mention of degenerative joint disease of the knee; however, in order to include that as a ratable item, we would have to satisfy the conditions of chapter 17, page 544, section 17-2H entitled, "Arthritis". This would require a full weightbearing film to determine if there is the presence of arthritis impairment based on radiographically determined cartilage intervals according to table 17-31, page 544. Since that information was not provided in the medical reports, it cannot be included in the permanent partial impairment estimates.

This then leaves us with two numbers, a 37 percent permanent partial impairment for the gait derangement and the additional 10 percent for the lack of flexion. The 37 plus 10 is 47 percent permanent partial impairment of the right lower extremity. This differs by about 3 percentage points from the estimate provided by his primary care physician.

Hopefully this information will be useful to you in your deliberations. If you have any questions regarding this orthopedic opinion, please feel free to contact me at your earliest convenience.

Sincerely,

Richard E. Grant, M.D.

REG:vss

# ATTACHMENT B

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMP PROGRAMS
PO BOX 8300 DISTRICT 25 WAS
LONDON, KY 40742
Phone: (202) 513-6800

November 10, 2005

Case Number: A25-0548712
Date of Injury: 08/20/1999
Employee: ARTHUR A. MORRISH

LAW OFFICE
ERIC M. MAY, P.C.
1717 K STREET, N.W.
WASHINGTON, D.C. 20006

Dear Mr. May:

I am writing you concerning the workers' compensation claim for your client,
Mr. Arthur Morrish. Mr. Morrish's claim under the Federal Employees' Compensation
Act was accepted for a right knee tear with arthroscopy and adhesive capsulitis, left
shoulder as a result of his August 20, 1999 injury. In your letters dated April 14, 2005
and June 7, 2005, you are requesting a conference on his claim; however, conferences
are generally held only when there is some factual or other dispute about an injury. In
this case, it appears you may be requesting benefits for permanent impairment of a
schedule member pursuant to 5 U.S.C.§8107 (c). In explaining how a claim for
permanent impairment is filed, 20 C.F.R.§10.103 provides as follows:

> Form CA-7 is used to claim compensation for impairment to a body part covered
> under the schedule established by 5 U.S.C. 8107. If Form CA-7 has already
> been filed to claim disability compensation, an employee may file a claim for such
> impairment by sending a letter to OWCP which specifies the nature of the benefit
> claimed.

Mr. Morrish's physician, Dr. John Lodmell, in his November 11, 2004 medical report, has
provided a rating of permanent partial impairment related to the work injury of
August 20, 1999. We have forwarded Dr. Lodmill's report along with Mr. Morrish's
medical record to our District Medical Advisor (DMA) for review and opinion as to an
impairment rating. Should the DMA opine that the medical is insufficient to provide an
impairment rating, we will advise you of the documentation needed.

I have enclosed the above referenced CA 7, Claim for Compensation. This form needs
to be completed by Mr. Morrish, certified by his employer and returned to this office
through our London, Kentucky address. This information is needed to ascertain
Mr. Morrish's pay rate information should payment of a schedule award be made.

Should you have further questions, please feel free to call me at (202) 513-6860.

Sincerely,

RICHARD GANT
Supervisory Claims Examiner

Enc.: CA-7, Claim for Compensation

# ATTACHMENT C

**Claim for Compensation**

# Schedule Award

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

## SECTION 1 — EMPLOYEE PORTION

| | | |
|---|---|---|
| a. Name of Employee | | |
| Last: Morrith | First: Arthur | Middle: Allen |

OMB No. 1215-0103
Expires: 10/31/2008

b. Mailing Address (Including City, State, ZIP Code)
8671 Reservoir RD
Fulton, MD 20759

E-Mail Address (Optional)

c. OWCP File Number: 250548712

d. Date of Injury Month Day Year

e. Social Security Number

f. Telephone No./FAX No.

## SECTION 2   Compensation is claimed for:

Inclusive Date Range — From / To — Intermittent?

a. ☐ Leave without pay — ☐ Yes ☐ No — Go to Section 3
b. ☐ Leave buy back — ☐ Yes ☐ No — Go to Section 3, and Complete Form CA-7b
c. ☐ Other wage loss; specify type, such as downgrade, loss of night differential, etc. Type: ___ — ☐ Yes ☐ No — Go to Section 3

If intermittent, complete Form CA-7a, Time Analysis Sheet

d. ☒ Schedule Award (Go to Section 4)

## SECTION 3
You must report all earnings from employment (outside your federal job); include any employment for which you received a salary, wages, income, sales commissions, piecework, or payment of any kind during the period(s) claimed in Section 2. Include self-employment, involvement in business enterprises, as well as service with the military forces. Fraudulent concealment of employment or failure to report income may result in forfeiture of compensation benefits and/or criminal prosecution. **Have you worked outside your federal job for the period(s) claimed in Section 2?**

Name and Address of Business:

☐ Yes
☒ No  Go to Section 4

| Name | Address | City | State | ZIP Code |
|---|---|---|---|---|
| | | | | |

Dates Worked: ___  Type of Work: ___

## SECTION 4   Is this the first CA-7 claim for compensation you have filed for this injury?

☐ Yes  Complete Sections 5 through 7 and a Form SF-1199A, "Direct Deposit Sign-up"
☒ No  Has there been any change in your dependents, or has your direct deposit information changed, or has there been a claim filed with U.S. Civil Service Retirement, another federal retirement or disability law, or with the Department of Veterans Affairs since your last CA-7 claim?
☐ Yes - Complete Sections 5 through 7 or a new SF-1199A to reflect change(s)   ☒ No - Complete Section 7

## SECTION 5   List your dependents (including spouse):

| Name | Social Security # | Date of Birth | Relationship | Living with you? Yes | No |
|---|---|---|---|---|---|
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

For dependents not living with you, complete items a and b below.

a. Are you making support payments for a dependent shown above? ☐ Yes ☐ No  If Yes, support payments are made to:

| Name | Address | City | State | ZIP Code |
|---|---|---|---|---|
| | | | | |

b. Were support payments ordered by a court? ☐ Yes ☐ No  If Yes, attach copy of court order.

## SECTION 6   a. Was/Will there be a claim made against a 3rd party? ☐ Yes ☐ No

b. Have you ever applied for or received disability benefits from the Department of Veterans Affairs?

| | Claim Number | Full Address of VA Office Where Claim Filed | Nature of Disability and Monthly Payment |
|---|---|---|---|
| ☐ Yes ☐ No | | | |

c. Have you applied for or received payment under any Federal Retirement or Disability law?

| | Claim Number | Date Annuity Began | Amount of Monthly Payment | Retirement System (CSRS, FERS, SSA, Other) |
|---|---|---|---|---|
| ☐ Yes ☐ No | | | | ☐ CSRS ☐ FERS ☐ SSA ☐ Other |

## SECTION 7   I hereby make claim for compensation because of the injury sustained by me while in the performance of my duty for the United States. I certify that the information provided above is true and accurate to the best of my knowledge and belief.

Any person who knowingly makes any false statement, misrepresentation, concealment of fact, or any other act of fraud, to obtain compensation as provided by the FECA, or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment, or both. In addition, a felony conviction will result in termination of all current and future FECA benefits.

Employee's Signature ___  Date (Mo., day, year) 11/17/05

Form CA-7
Rev. June 2005

**Employing Agency Portion**
**For first CA-7 claim sent, complete sections 8 through 15.**
**For subsequent claims, complete sections 12 through 15 only.**

**SECTION 8**     Show Pay Rate as of

Date of Injury:          Base Pay
Date: _8/20/99_     $_91,410._ per _yr_

| | | Additional Pay Type _____ | Additional Pay Type _____ | Additional Pay Type _____ |
|---|---|---|---|---|
| | | $ ____ per ____ | $ ____ per ____ | $ ____ per ____ |

Grade _GS 15_  Step: _5_

Date Employee Stopped Work:

| | | Type _____ | Type _____ | Type _____ |
|---|---|---|---|---|
| Date: _____ | | $ ____ per ____ | $ ____ per ____ | $ ____ per ____ |

Grade: _____  Step: _____

Additional pay types include, but are not limited to: Night Differential (ND), Sunday Premium (SP), Holiday Premium (HP), Subsistence (SUB), Quarter (QTR), etc. (List each separately) _____

**SECTION 9**

a. Does employee work a fixed 40-hour per week schedule?  Yes ☐  No ☐

1. If Yes, circle scheduled days:  ☐ S  ☐ M  ☐ T  ☐ W  ☐ TH  ☐ F  ☐ S

2. If No, show scheduled hours for the two week pay period in which work stopped. Circle the day that work stopped.

**FOR EXAMPLE ONLY**

| | S | M | T | W | TH | F | S |
|---|---|---|---|---|---|---|---|
| WEEK 1 From _5/14_ to _5/20_ | | 8 | 4 | 6 | (6) | | |
| WEEK 2 From _5/21_ to _5/27_ | | 8 | | 6 | 6 | | 4 |

From _____ to _____

| | S | M | T | W | TH | F | S |
|---|---|---|---|---|---|---|---|
| From _____ to _____ | | | | | | | |
| From _____ to _____ | | | | | | | |

b. Did employee work in position for 11 months prior to injury?  ☐ Yes  ☐ No

If No, would position have afforded employment for 11 months but for the injury?  ☐ Yes  ☐ No

**SECTION 10**   On date pay stopped, was employee enrolled in:

a. Health Benefits under the FEHBP?  ☐ No  ☐ Yes  Code _____
c. Optional Use Insurance?  ☐ No  ☐ Yes  Class _____ (D-Z only)

b. Basic Life Insurance?  ☐ No  ☐ Yes
d. A Retirement System?  ☐ No  ☐ Yes  Plan _____ (Specify CSRS, FERS, Other)

**SECTION 11**   Continuation of Pay (COP) Received (Show inclusive dates):

Intermittent?  ☐ Yes — Complete Time Analysis Sheet, Form CA-7a  ☐ No

From _____ To _____

**SECTION 12**   Show pay status and inclusive dates for period(s) claimed:

Intermittent?

| | | | |
|---|---|---|---|
| Sick Leave From _____ | To _____ | ☐ Yes  ☐ No | If intermittent, complete Form CA-7a, Time Analysis Sheet. |
| Annual Leave From _____ | To _____ | ☐ Yes  ☐ No | |
| Leave without Pay From _____ | To _____ | ☐ Yes  ☐ No | If leave buy back, also submit completed Form CA-7b. |
| Work From _____ | To _____ | ☐ Yes  ☐ No | |

**SECTION 13**   Did employee return to work?  ☐ Yes  ☐ No

If Yes, date _____

If returned, did employee return to the pre-date-of-injury job, with the same number of hours and the same duties?

☐ Yes  ☐ No     If No, explain:

**SECTION 14**   Remarks: _No medical to support claim provided to employ_

**SECTION 15**   An employing agency official who knowingly certifies to any false statement, misrepresentation, or concealment of fact, with respect to this claim may also be subject to appropriate felony criminal prosecution.

I certify that the information given above and that furnished by the employee on this form is true to the best of my knowledge, with any exceptions noted in Section 14, Remarks, above.

Signature _Linda M. Davis_     Title _ICPA_     Date _11/28/05_
(Agency Official)

Name of Agency _WHS/HRD/LMER_

Date Claim Form Recieved from Employee _11/8/05_

If OWCP needs specific pay information, the person who should be contacted is:

Name _____     Title _____
Telephone No. _703 699 1817_  Fax No. _703 602 2308_  E-Mail Address _linda.davis@whs-mi)_

# ATTACHMENT D

File Number: 250548712
CA-181-D-S

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMP PROGRAMS
PO BOX 8300 DISTRICT 25 WAS
LONDON, KY 40742
Phone: (202) 513-6800

December 12, 2005

Date of Injury: 08/20/1999
Employee: ARTHUR A. MORRISH

ARTHUR A MORRISH
8671 Reservoir Road
Fulton, MD 20759

Dear Mr. MORRISH:

Under the schedule award provisions of the Federal Employees' Compensation Act (FECA) at
5 U.S.C. 8107, the Office of Workers' Compensation Programs makes the following:

## AWARD OF COMPENSATION

1. Degree and Nature of Permanent Disability: 47% right lower extremity
2. Date of Maximum Medical Improvement: March 10, 2005
3. Period of Award: March 10, 2005 to October 13, 2007
4. Number of Weeks of Compensation: 135.86
5. Weekly Pay: $1,757.88  X  2/3 Compensation Rate: = $1,171.92
6. Effective Date of Pay Rate: August 20, 1999
7. Your Initial Payment and the Period Covered: $49,277.84 covers the period March 10, 2005
   through November 26, 2005.
8. Continuing Compensation and the Period Covered: Beginning November 27, 2005, you
   will receive $5,276.00 every 28 days until your schedule award ends on October 13, 2007.

Payment of your award ends when you have been paid for the last day shown in item 3 above.

Attached is a copy of the December 2, 2005 medical report from the Office's District Medical Advisor,
Richard E. Grant, MD. Based on the American Medical Association Guides, 5th Edition, Dr. Grant
opined that you sustained 47% impairment to your right lower extremity. As indicated in his
December 2, 2005 report, Dr. Grant noted that his impairment rating differed by about three
percentage points from your treating physician, Dennis O'Brien, MD. The Office gave the weight of
medical evidence to Dr. Grant for the reason that he provided the specific references from the
American Medical Association Guides ,5th edition, that he used in determining your impairment rating.
Dr. O'Brien's report did not contain the references from the American Medical Association Guides ,5th
edition, that he used.

## IMPORTANT INFORMATION

Please read the following information carefully. Keep this award letter so you can refer to it when
necessary. If you have questions concerning this award, write to the address shown in the letterhead.

File Number: 250548712
CA-181-D-S

**1. HOW COMPENSATION IS PAID** - Direct deposit is the fastest and most secure way to receive your award payments. **We strongly encourage you to submit a Standard Form 1199A, which will enable us to direct deposit your payment(s) into your bank.** Your first payment will be issued within 30 days. If further payments are due, they will be made every four weeks until the expiration of the award.

**2. LUMP SUM PAYMENTS** - If you are currently working, or if you are receiving retirement benefits from the Office of Personnel Management, you may be entitled to a "lump-sum" payment of your schedule award. Please contact the District Office at the address listed on the first page of this letter and specifically request information concerning this option.

**3. CHANGE OF ADDRESS** - Notify this office immediately of any change of address either for correspondence or for direct deposit. Notification must be in writing, signed by you, to the address shown on the first page of this letter. Include your file number, your old address, and your new address.

**4. CHANGE IN STATUS OF DEPENDENTS** - If your award is paid at the augmented rate of 3/4 because you have one or more dependents, you are required to provide written notification immediately of any change in status of your dependents, to the address on the first page of this letter. The notice must be signed by you and include your file number, the name of the dependent whose status changed, the effective date of the change, and the nature of the change in status. If you originally claimed only one dependent, and there is a change in the status of your sole dependent, do not cash any checks you receive after the change in status of that dependent. Return the checks promptly for adjustment by this Office.

**5. 5. RETURN TO WORK -** You may work or receive retirement benefits from the Office of Personnel Management (OPM) during the period of this award without any effect on your schedule award payments.

**6. SOCIAL SECURITY DISABILITY BENEFITS** - Please contact your local Social Security Office regarding this award if you are receiving or have filed for Social Security Disability Benefits.

**7. VA BENEFITS** - You are required to notify this office if you have received, or are receiving any VA benefits for the same part of the body.

**8. EXPIRATION OF AWARD** – After the ending date of this award noted in item 3, your entitlement to compensation will be based solely on disability for work resulting from the accepted injury. You may claim continuing compensation by submitting evidence showing that the accepted injury prevents you from performing the kind of work you were doing when injured and from earning comparable wages. Please note that compensation for disability cannot be paid for any period during which you receive retirement benefits from OPM.

File Number: 250548712
CA-181-D-S

If you disagree with this decision, you should carefully review the attached appeal rights, and pursue whichever avenue is appropriate to your situation.

Sincerely,

E. Padar
Senior Claims Examiner

Enclosures:  Appeal Rights

DEPARTMENT OF DEFENSE
DEFENCE ADVNCD RSRCH PROJ AGCY
WASHINGTON HEADQUARTERS SRVCE
EMPLOYEE RELATIONS, RM 3B346
WASHINGTON, DC 20301

Law Office
Eric M. May, P.C.
1717 K Street, N.W.
Washington, D.C.  20006

Case Number: 250548712
Employee: ARTHUR A. MORRISH

## FEDERAL EMPLOYEES' COMPENSATION ACT APPEAL RIGHTS

**If you disagree with the attached decision, you have the right to request an appeal. If you wish to request an appeal, you should review these appeal rights carefully and decide which appeal to request. There are 3 different types of appeal: HEARING (this includes either an Oral Hearing, or a Review of the Written Record), RECONSIDERATION, and ECAB REVIEW. YOU MAY ONLY REQUEST ONE TYPE OF APPEAL AT THIS TIME. Place an "X" on the attached form indicating which appeal you are requesting. Complete the information requested at the bottom of the form. Place the form on top of any material you are submitting. Then mail the form with attachments to the address listed for the type of appeal that you select. Always write the type of appeal you are requesting on the outside of the envelope ("HEARING REQUEST", "RECONSIDERATION REQUEST", or "ECAB REVIEW"). Your appeal rights are as follows:**

**1. HEARING:** If your injury occurred on or after July 4, 1966, and you have not requested reconsideration, as described below, you may request a **Hearing.** To protect your right to a hearing, any request for a hearing must be made before any request for reconsideration by the District Office (5 U.S.C. 8124(b)(1)). Any hearing request must also be made in writing, within 30 calendar days after the date of this decision, as determined by the postmark of your letter. (20 C.F.R. 10.616). There are two forms of hearing. You may request either one or the other, but not both.
a. One form of Hearing is an **Oral Hearing.** An informal oral hearing is conducted by a hearing representative at a location near your home. You may present oral testimony and written evidence in support of your claim. Any person authorized by you in writing may represent you at an oral hearing.
b. The other form of a Hearing is a **Review of the Written Record.** This is also conducted by a hearing representative. You may submit additional written evidence, which must be sent with your request for review. You will not be asked to attend or give oral testimony.

**2. RECONSIDERATION:** If you have additional evidence or legal argument that you believe will establish your claim, you may request, in writing, that OWCP reconsider this decision. The request must be made within one calendar year of the date of the decision, clearly state the grounds upon which reconsideration is being requested, and be accompanied by relevant evidence not previously submitted. This evidence might include medical reports, sworn statements, or a legal argument not previously made, which apply directly to the issue addressed by this decision. In order to ensure that you receive an independent evaluation of the new evidence, persons other than those who made this determination will reconsider your case. (20 C.F.R. 10.605-610)

**3. REVIEW BY THE EMPLOYEES' COMPENSATION APPEALS BOARD (ECAB):** If you believe that all available evidence that would establish your claim has already been submitted, you have the right to request review by the ECAB (20 C.F.R. 10.625). The ECAB will review only the evidence received prior to the date of this decision (20 C.F.R. Part 501). Any request for review by the ECAB should be made within 90 days from the date of this decision. The ECAB may waive failure to file within 90 days if you request review within one year of the date of this decision and show a good reason for the delay.

If you request reconsideration or a hearing (either oral or review of the written record), OWCP will issue a decision that includes your right to further administrative review of that decision.

Case Number: 250548712
Employee: ARTHUR A. MORRISH

## APPEAL REQUEST FORM

If you decide to appeal this decision, read these instructions carefully. You must specify which procedure you request by checking one of the options listed below. Place this form on top of any materials you submit. Be sure to mail this form, along with any additional materials, to the appropriate address. YOU MAY ONLY REQUEST ONE TYPE OF APPEAL AT THIS TIME.

_____ **ORAL HEARING**

Depending on your geographical location, the issue involved in your case, the number of hearing requests in your area, and at the discretion of the hearing representative, we may be able to expedite your appeal by offering you a telephone hearing. If OWCP deems your case suitable for teleconference and you are open to this option, please check here. _____

_____ **REVIEW OF THE WRITTEN RECORD**

For each of these options, you must submit this form within 30 calendar days of the date of the decision. You may also submit additional written evidence with your request. You must mail your request to:

**Branch of Hearings and Review
Office of Workers' Compensation Programs
P. O. Box 37117
Washington, DC 20013-7117**

---

_____ **RECONSIDERATION:**

Submit your request within 1 calendar year of the date of the decision. You must state the grounds upon which reconsideration is being requested. Your request must also include relevant new evidence or legal argument not previously made. Mail your request to:

**DOL DFEC Central Mailroom
P. O. Box 8300
London, KY 40742**

---

_____ **ECAB APPEAL:**

Submit this form within 90 calendar days of the date of the decision. No additional evidence after the date of the decision will be reviewed. To expedite the processing of your ECAB appeal, you may include a completed copy of the AB 1 form used by ECAB to docket appeals available on the Department of Labor Web Site at www.dol.gov/ecab. Mail your request to:

**Employees' Compensation Appeals Board
200 Constitution Avenue NW, Room N-2609
Washington, DC 20210**

---

SIGNATURE_____ TODAY'S DATE_____
PRINTED NAME_____ DECISION DATE_____
ADDRESS_____PHONE_____
CITY _____STATE_____ZIP_____